HUTCHINSON COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34939.   Promulgated November 27, 1931.

*Arthur S. Dayton, Esq.,* for the petitioner.
*Elden A. MacFarland, Esq.,* and *Arthur Clark, Esq.,* for the respondent.

980

OPINION.

Trammell: On the hearing of this proceeding the petitioner abandoned issues 3 and 5 and has submitted the remaining five issues for decision. Under the first issue petitioner contends that the bar of the statute of limitations upon assessment and collection of the proposed deficiency took effect December 31, 1927, the date when the waiver dated December 18, 1926, was expressly agreed upon to terminate. It argues that by reason of the failure of the waiver to provide for an extension of the time beyond such date for any reason whatever, the assessment was outlawed.

The deficiency has been determined by respondent under authority of section 283 (a) of the Revenue Act of 1926, and the assessment is subject to the same provisions and limitations as in the case of a deficiency for 1926. The Revenue Act of 1926 provides:

Sec. 277. (b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter.

SEC. 278. (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

There is no question as to the validity of the waiver of December 18, 1926, the previous waiver of January 19, 1926, having extended the time, so that the statute had not expired when the latter one was executed.

When the waiver in question was executed by petitioner these provisions of the law were in effect, and before the expiration date of that waiver agreed upon, respondent mailed to petitioner the final notice of deficiency here appealed from, and thereafter for 60 days was prevented under section 274 from making assessment of the tax, except under section 279 in case he believed that collection would be jeopardized by delay. Petitioner contends that assessment and collection of the proposed deficiency was jeopardized and that respondent should have proceeded to make an assessment in order to protect the tax. In respect of this contention we think it necessary merely to point out that the question as to whether collection of the tax was in jeopardy is, under section 279, one for determination solely by respondent in the exercise of his discretion, and we are precluded from finding that collection was jeopardized in the absence of a conclusion by him to that effect.

Petitioner has availed itself of the privilege of an appeal to this Board for redetermination of the deficiency, and the time for assessment is further extended under section 274 (a) until our decision has become final. We hold that assessment and collection is not barred.

Under the second issue, petitioner contends that the tax should not have been computed upon the basis of a consolidated return. The Revenue Act of 1921 provides under section 240 (e) for compulsory consolidation for tax purposes of affiliated corporations for any taxable year prior to January 1, 1922, and subject to the same conditions as provided in the Revenue Act of 1918. The 1918 Act is also mandatory and provided in section 240 (b) that corporations shall be deemed to be affiliated through ownership of the stock or through control by the same interests.

The respective stockholdings in the two corporations here involved are set out in our findings, these showing that there was a minority holding of a trifle more than 10 per cent of the stock in one corporation and that the owners of the majority of the stock in such corporation owned all of the stock in the other. The evidence also discloses the relationship of the various stockholders, the common officers, except president, and common directors.

Petitioner has not sustained the burden of proving error on the part of the respondent in computing the tax upon a consolidated basis, and we do not agree with its insistence that the mandatory consolidation of two corporations for income-tax purposes, resulting in a greater amount of tax in the aggregate than if such tax were computed on the basis of separate returns, is a taking of property without due process of law in violation of the constitutional prohibition. In requiring compulsory consolidation of affiliated corporations for tax purposes Congress is within its authority. *Trustees for Ohio and Big Sandy Coal Co.* v. *Commissioner of Internal Revenue*, 43 Fed. (2d) 782.

Under the fourth issue petitioner contends that certain additional or minimum royalties paid during the taxable year represent ordinary and necessary expenses deductible in computing net income. These amounts have been treated by respondent as capital expenditures. The amounts in question represent sums paid by petitioner under the terms of certain leases as royalties in excess of those paid upon coal actually produced, these additional payments being made under minimum production requirements of the contracts obligating petitioner to pay royalties computed upon a certain amount of production whether this amount was reached or not, these additional royalties to be credited upon future production in excess of minimum requirements for such future year.

In this connection it has been held that royalties are rents and not the purchase price of minerals in place. They are payments required to be made for the continued use and enjoyment of the property rights to which title is not being acquired. The minimum amount is required to be paid each year, for the use, possession and enjoyment for that year, with the qualification or contingency that if in a future year the coal mined exceeded the amount of the minimum required for such year, the excess of the minimum payment for a previous year, would be credited against coal mined in such year. If this were in fact an advance royalty, we think that the advance payment should be spread over the period or years when the coal is mined, but, as we pointed out in *Jamison Coal & Coke Co.*, 24 B. T. A. 554, we do not so consider it. There are too many uncertainties and contingencies. At the time of the minimum royalty payment it could not be foretold whether the excess payment over actual production of the year could ever be availed of. We think that on the authority of the above decision, as well as our decision in the *Bogle* case, 5 B. T. A. 541 (affirmed by the Circuit Court of Appeals, 26 Fed. (2d) 771), the minimum royalties paid each year are deductible when paid. *United States* v. *Biwabik Mining Co.*, 247 U. S. 116; *Lynch* v. *Alworth-Stephens Co.*, 267 U. S. 364;

*Estate of Mary E. Cahill*, 2 B. T. A. 875; *Royal Collieries Co.*, 1 B. T. A. 369.

Under the sixth issue, petitioner contends for the right to a deduction by the Logan Mining Company of expenditures covering items of equipment which normally represent capital outlays but in the present case are shown to have been purchased and used merely to maintain normal production. This question has been heretofore passed upon by the courts and by the Board and the allowance of such expenditures as expenses of business sustained. *West Virginia-Pittsburgh Coal Co.*, 24 B. T. A. 234; *United States* v. *Roden Coal Co.*, 39 Fed. (2d) 425; *Marsh Fork Coal Co.* v. *Lucas*, 42 Fed. (2d) 83; *Commissioner* v. *Brier Hill Colliers*, 50 Fed. (2d) 777. Upon authority of those cases we hold that the deduction of $12,693.07 should be allowed in recomputing the consolidated income of these two corporations.

Another issue, relating to depletion, was abandoned. The determination of the respondent with respect thereto is, therefore, affirmed.

*Judgment will be entered under Rule 50.*